# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

TERVARUS L. GARY,

   Plaintiff,

     v.         CAUSE NO. 3:25-CV-321-TLS-JEM

THOMASON,

   Defendants.

## OPINION AND ORDER

Tervarus L. Gary, a prisoner without a lawyer, filed a complaint. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Gary alleges that on February 23, 2025, a Signal 3000 was called because he was found unresponsive. Sergeant Thomason arrived on the scene and placed Gary in handcuffs, even though he was not a threat to anyone. When Gary regained his senses, he looked up and saw Thomason standing over him, twisting his arm up. Now, he has five permanent handcuff marks with varying levels of pain. He alleges that medical has refused to treat him.

A conduct report attached to the complaint states that an officer radioed a Signal 3000 after seeing Gary lying on the floor, unresponsive. First responders administered one dose of Narcan, and Gary opened his eyes and attempted to communicate with the first responders. ECF 2-1.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (cleaned up). Several factors are explored when determining whether an officer's use of force was malicious or legitimate, including the need for applying the force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the prisoner's injury. *Id.*

It did not constitute excessive force to use handcuffs on Gary, even though he was unconscious. Handcuffs are a legitimate tool to ensure the safety and security of the officer and first responders in the event Gary woke up and was combative. However, Gary plausibly alleges that Sergeant Thomason used excessive force by twisting Gary's handcuffed arm. The alleged use of force was enough that Gary still felt pain two months later when he filed this complaint. It is possible that Gary's actions upon waking made Sergeant's Thomason's actions necessary in order to maintain control or keep the first responders safe. But giving Gary the inferences he is entitled to at this stage, he may proceed against Sergeant Thomason on a claim for excessive force under the Eighth Amendment.

Gary may not, however, proceed against Warden J. Smiley. Gary does not mention Warden Smiley in the body of the complaint, and it appears that he is suing the warden because Sergeant Thomason was never disciplined for what happened. Gary has no right to an investigation into already completed behavior. *See Whitlock v. Brueggemann*, 682 F.3d 567, 588 (7th Cir. 2012) ("There is no affirmative duty on police to investigate." (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005))); *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) ("We note at the outset that Rossi does not have a constitutional right to have the police

investigate his case at all, still less to do so to his level of satisfaction."). Any failure to discipline Sergeant Thomason did not violate Gary's constitutional rights.

For these reasons, the court:

(1) GRANTS Tervarus L. Gary leave to proceed against Sergeant Thomason in his individual capacity for compensatory and punitive damages for using excessive force against him by unnecessarily twisting his cuffed arm, causing pain, on February 23, 2025, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES J. Smiley;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Thomason at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sergeant Thomason to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 20, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT