**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

TERVARUS GARY,

        Plaintiff,

        v.                    CAUSE NO. 3:25-CV-321-TLS-JEM

SGT. THOMASON,

        Defendant.

**OPINION AND ORDER**

Tervarus Gary, a prisoner without a lawyer, is proceeding in this case against Sergeant Jamar Thomason "in his individual capacity for compensatory and punitive damages for using excessive force against him by unnecessarily twisting his cuffed arm, causing pain, on February 23, 2025, in violation of the Eighth Amendment[.]" ECF 8 at 3. Sgt. Thomason filed a motion for summary judgment, arguing Gary did not exhaust his available administrative remedies before filing this lawsuit. ECF 22. Gary filed a response, and Sgt. Thomason filed a reply. ECF 47, 49. The summary judgment motion is now fully briefed and ripe for ruling. But before turning to the summary judgment motion, Gary filed some other motions which must be addressed.

I.       Motions for Counsel

Before the summary judgment motion was filed, Gary filed a motion asking for counsel. ECF 11. The order denying that motion was entered after the summary judgment motion was filed. ECF 28. It explained:

> Gary says that he has attempted to obtain counsel, but he provides no information about what steps he has taken to do so. The Court is unable to determine whether he has made a sufficient attempt. However, even if he has made an adequate attempt, the Court would deny counsel anyway because given the difficulty of the case at this stage, he is competent to litigate it himself.

*Id*. at 1. Thereafter, Gary filed a second and third motion for counsel. ECF 35 and 46. Neither specifically address the summary judgment motion nor engage with the Court's reasoning explaining why the first motion for counsel had been denied. The second motion for counsel says nothing about trying to get representation on his own. The third says only, "Plaintiff has made repeated efforts to obtain a lawyer." ECF 46 at ¶ 4. This too does not address the Court's statement that, "he provides no information about what steps he has taken to do so [; thus, t]he Court is unable to determine whether he has made a sufficient attempt." ECF 28 at 1. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *see also Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013). For these reasons, the motions for counsel will be denied.

II.     Motion to Amend

One other matter must be addressed before turning to the summary judgment motion. Gary filed a motion to amend his complaint. ECF 39. In his original complaint, he sued "Sgt. Thomason." ECF 2 at 1. When the Court screened the complaint, it granted him leave to proceed against "Sergeant Thomason." ECF 8 at 3. When this defendant filed an answer, he identified himself as "Jamar Thompson." ECF 15 at 1. The docket sheet was updated to show this defendant was also known as "Jamar Thompson." Thereafter, Gary moved to amend to update the name, but that is unnecessary. The motion to amend will be denied as unnecessary.

III.     Motion for Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find]

2

for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Sgt. Thomason provides an affidavit from the Grievance Specialist at Westville Correctional Facility (WCF) and Gary's grievance records, which show the following facts: During all relevant times, an Offender Grievance Process was in place at WCF and available to Gary. ECF 22-1 at 2, 5. The Offender Grievance Process required Gary to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2.

3

On February 25, 2025, Gary submitted Grievance 206584, complaining Sgt. Thomason used excessive force against him on February 23. *Id.* at 5; ECF 22-4 at 3. On March 31, 2025, the grievance office issued a response denying Grievance 206584 on its merits. ECF 22-4 at 1. Gary was notified he could appeal the Grievance Specialist's decision to the warden within five business days, but he never did so, which was a necessary step to fully exhaust Grievance 206584. ECF 22-1 at 6; ECF 22-3; ECF 22-4 at 1-2. The Grievance Specialist concludes that, because Gary did not fully exhaust Grievance 206584 and did not submit any other grievance related to his claim against Sgt. Thomason, he did not exhaust his available administrative remedies before filing this lawsuit. ECF 22-1 at 6.

The evidence provided by Sgt. Thomason shows Gary did not exhaust his available administrative remedies before filing this lawsuit. In his response, Gary does not dispute any of this evidence or even address whether he exhausted his administrative remedies. Instead, Gary argues only that his underlying claim has merit, which is not relevant to the exhaustion question. *See Perez*, 182 F.3d at 535 (explaining "the district court lacks discretion to resolve the claim on the merits" if the plaintiff did not exhaust his administrative remedies before filing his lawsuit); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (holding that, where exhaustion is contested, the court must first determine whether the plaintiff exhausted his administrative remedies before addressing the merits of the case). Because it is undisputed Gary did not fully exhaust Grievance 206584, and Gary does not argue he submitted any other relevant grievance or his administrative remedies were in any way unavailable, Sgt. Thomason has met his burden to show Gary did not

exhaust his available administrative remedies before filing this lawsuit.[1] Summary judgment is therefore warranted in favor of Sgt. Thomason.

IV.    Extend Restriction

When Gary was restricted in *Gary v. Centurion*, 3:26-cv-26 (N.D. Ind. filed Jan. 8, 2026), this case was exempted because it was an open case. With the closure of this case, that exemption is unnecessary and the restriction will be extended to include this case also.

For these reasons, the Court:

(1) DENIES the motions for counsel (ECF 35 and 46);

(2) DENIES the motion to amend (ECF 39);

(3) GRANTS Sgt. Thomason's motion for summary judgment (ECF 22);

(4) EXTENDS the restriction imposed in 3:26-cv-26 to this case as if this case had not been previously exempted; and

(5) there being no claims remaining between any parties, the Court DIRECTS the Clerk of Court to ENTER FINAL JUDGMENT stating:

> Final judgment is entered in favor of the Defendant Sgt. Thomason and against the Plaintiff Tervarus Gary, who takes nothing by his Complaint.

SO ORDERED on May 21, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] In a prior filing before Gary filed his response to the summary judgment motion, he stated he did exhaust his remedies and that he was including a copy of his grievance, but no grievance was attached. ECF 34. Gary said the grievance was signed by Grievance Specialist Trica Wozniak. None of this is inconsistent with the defendant's evidence or argument, and Gary said nothing in that filing about appealing the denial of that grievance or attempting to appeal it. Therefore, if the Court were to construe this filing as an additional response to the summary judgment motion, it would have no impact on the outcome of this case.